# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,        :        Case No. 3:06-cr-177

                                    District Judge Thomas M. Rose
    -vs-                             Magistrate Judge Michael R. Merz
                              :

HORTENCIA HUERTA,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate Judgment under 28 U.S.C. § 2255 (Doc. No. 482). All § 2255 motions are referred by General Order to a magistrate judge for pre-trial consideration and are first subject to review under Rule 4 of the Rules Governing § 2255 Cases.

The Motion reflects that Defendant was sentenced on May 12, 2008. Defendant took no appeal, so the judgment became final when her time to appeal expired in May 27, 2008. Fed. R. App. P. 4(b)[1]. Under § 2255(f), the one-year statute of limitations for § 2255 motions runs, with certain exceptions, from the date the judgment becomes final. Because Defendant did not file her Motion until January 29, 2010[2], it is barred by the statute of limitations unless she can bring herself

---

[1] At the time the judgment was entered, the time to appeal was ten days. Since that is a period less than eleven days, intermediate Saturdays, Sundays, and legal holidays (here Memorial Day) are excluded from the calculation. The time calculation rules were changed effective December 1, 2009.

[2] Although the Clerk did not receive and file the Motion until February 8, 2010, Ms. Huerta signed it on January 29, 2010. As a prisoner, she is entitled to the "mailbox" rule which counts prisoners' filings with the Court as made when they are delivered to prison authorities for mailing.

within one of the exceptions.

Defendant attempts to bring herself within the exception in § 2255(f)(2) which applies when a defendant is prevented from filing by some impediment to filing "created by governmental action in violation of the Constitution or laws of the United States. . . ." Defendant asserts she has been writing to the judge, prosecutor, and her defense attorney trying to get some reduction of her sentence (Motion, Doc. No. 482, ¶ 11d). The judge, she says, told her to get legal representation. *Id.* Her attorney, she says, told her to contact the prosecutor and the prosecutor has never responded. *Id.*

None of these actions is governmental action in violation of the Constitution. Neither a district judge nor a federal prosecutor is obliged by the Constitution to tell a defendant what legal steps to take to get her conviction set aside. The action by her lawyer is not governmental action. In any event, ignorance of the law or procedure to follow is not an adequate excuse to take the case outside the statute of limitations. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).

It is therefore respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, any appeal would be frivolous and Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 9, 2010.

                                                                                                      s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).